# CASES

# SUPREME JUDICIAL COURT,

COUNTY OF CUMBERLAND, APRIL TERM, 1834.

---

## BRACKETT *Exr. vs.* MOUNTFORT.

*The attestation of a note not before witnessed, by a person who was not present at the signing, is a material alteration of the contract, and destroys its validity.*

ASSUMPSIT on the following note, or memorandum in writing: "1817, *May* 5th. This day settled all accounts with *Samuel Brackett* and find due to him sixty-five dollars and eighty-five cents, on interest till paid.　　　　*Richard Mountfort.*

Attest: *C. T. S. Brackett.*"

It was proved that the attestation of *C. T. S. Brackett*, as a witness to the signing of the defendant, was written by said *Brackett*, on the note about ten years after its date, when the defendant made certain acknowledgments as to his indebtedness thereon; but the witness was not present *when the note was signed.*

It was contended, by the counsel for the defendant, that the act of *C. T. S. Brackett*, (now plaintiff) in placing his name to the note, at the time, and under the circumstances related, destroyed entirely the validity of the contract. But the *Chief Justice*, who tried the cause, ruled that it had no such effect. That it neither prejudiced the plaintiff's right to recover upon the note, nor operated in any degree to relieve the contract from the statute of limitations.

A verdict was returned for the plaintiff. If the above ruling of the presiding Judge was correct, judgment was to be rendered thereon; otherwise, it was to be set aside and a new trial granted.

*Fessenden* and *Deblois*, contended that the alteration was a *material* one, and rendered the contract void, and cited *Pigot's case*, 11 *Co.* 27; *Master* v. *Miller*, 4 *T. R.* 320; same case, in 5 *T. R.* 367; 9 *East*, 190; 10 *East*, 431; *Homer* v. *Wallace*, 11 *Mass.* 309; *Smith* v. *Dunham*, 8 *Pick.* 246.

*Longfellow*, for the plaintiff.

The name of the witness was not affixed to the note to give it the character of a witnessed note, but merely by way of memorandum of the acknowledgment of the debt by the defendant. It never has been relied on as a witnessed note. The addition of the name of *Brackett*, therefore, does not affect the contract. It is not like the case of *Homer* v. *Wallace*. There the question was as to the genuineness of the signature of the defendant. Here, that fact is admitted. It is not contended, that if the terms of the contract were materially altered it would not affect its validity. But in this case, the terms of the contract remain unaltered. It was a mere memorandum to refresh the memory of a witness, as to the new promise.

WESTON J. delivered the opinion of the Court.

It is well settled, that a material alteration avoids and defeats a note or other instrument. The cases cited for the defendant, are full to this point. The note in question, when made, was not attested by a witness. It now has such an attestation, and that by a witness, who was not present when the note was signed. Notes in writing, payable in money, attested by one or more witnesses, were excepted from the operation of the statute of limitations of *Massachusetts*, in force at the date of the note. The same exception is to be found in the statute of this State. Without an attestation, a note is barred by the statute in six years; with it, no bar whatever attaches by statute, any more than to a *specialty*, and it is subject only to a presumption of payment after twenty years, from the time when it becomes payable.

In *Smith* v. *Dunham*, 8 *Pick.* 246, *Parker C. J.* says, speaking of a note of this description, "that with the attestation, it is in fact a different legal contract, from what it would be without." It would seem to result from the authorities, that the note, being materially changed, was thereby defeated. But the Chief Jus-

Brackett Exr. *v.* Mountfort.

tice proceeds to state, that the Court did not suppose that the note was so altered, as to defeat the payee's right to recover within six years, or after six years, upon a new promise, "because there was no fraudulent intent, and because the witness was actually present, and saw what his name purports to attest." But in this case, the witness was not present, and did not see the note signed. It was dated *May 5th*, 1817, and was evidence of a debt then due and payable. It was then without attestation. Ten years afterwards, when the note had ceased for four years to be a subsisting contract, which could be enforced at law, the attestation was affixed, by which it became on its face recoverable at law. It was an alteration of so material a character, that it at once infused life into an instrument, which had before lost all legal efficacy. In such cases, upon the decease of the witness, subsequently attesting, or if he could not be found, the maker might be entirely deprived of his statute bar. If experiments of this sort are tolerated, and regarded as harmless, the protection of the statute will be greatly impaired. It is of vital importance, that instruments, given as the evidence of debt, should not be tampered with. We hold the attestation to have been a material alteration of the contract; that it was unwarrantable, and that the validity of the note was thereby destroyed. The verdict is accordingly set aside.

*Plaintiff nonsuit.*